UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DANIA PEREZ CASTILLO, on behalf of herself :
and all others similarly situated, :
                                                                             Plaintiff, :
                                                                              :         **CLASS AND**
             -against-                                     :    **COLLECTIVE ACTION**
                                                                              :          **COMPLAINT**
BEVERLY'S HOME HEALTH CARE, INC., :
BEVERLY NICHOLS, and RICARDO FRANCOIS, :
                                                                                :
                                                       Defendants. :
-------------------------------------------------------------------X

Plaintiff Dania Perez Castillo ("Plaintiff" or "Perez"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of Defendants Beverly's Home Health Care, Inc., Beverly Nichols, and Ricardo Francois ("Defendants"), alleges:

## NATURE OF THE ACTION

1. Perez regularly worked fifty-four hours per workweek throughout her employment with Defendants as a home health attendant. Defendants unlawfully paid Perez on a straight-time basis, meaning the same regular hourly wage rate for all hours worked, thereby denying Perez the overtime premiums due for hours worked over forty per workweek. Defendants further failed to: (1) timely pay Perez's wages on a weekly basis and not later than seven days after the end of the week in which the wages were earned; (2) provide Perez with a compliant wage notice at the time of her hiring; and (3) provide Perez with compliant wage statements with each payment of wages.

2. Perez brings this action on behalf of herself and all other similarly situated home health attendants (the "Home Health Attendants") seeking declaratory and injunctive relief and the recovery of unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Perez's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Defendants conduct business in the Eastern District of New York and the events and omissions giving rise to Perez's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Dania Perez Castillo**

5. Perez resides in Queens County, New York.

6. Defendants employed Perez as a home health attendant from approximately March 16, 2022 until February 6, 2023.

**Defendant Beverly's Home Health Care, Inc.**

7. Beverly's Home Health Care, Inc. is a New York corporation that owns, operates, and does business as Beverly's Home Health Care with an office and principal place of business located at 125-10 Queens Blvd., Ste. 5, Kew Gardens, New York 11415.

8. Beverly's Home Health Care advertises itself as a "long-standing home care agency" founded in 1996 that provides home health care services to clients in New York City and Nassau County. *See* https://www.beverlyshomecare.com/home-health-care-about-us (last accessed September 9, 2024).

9. Beverly's Home Health Care was and is a covered employer within the meaning of the FLSA and NYLL that employed Plaintiff and the Home Health Attendants

2

by, for example, hiring, firing, and disciplining them, directing their work duties, assigning them to patients, setting wage rates, issuing and maintaining payroll and time records, and setting other employment policies and terms.

10. In the three years preceding the filing of this Complaint, Beverly's Home Health Care has had an annual gross volume of sales in excess of $500,000.

**Defendant Beverly Nichols**

11. Beverly Nichols is the founder and an executive of Beverly's Home Health Care.

12. Beverly's Home Health Care's website identifies Nichols as its founder. *See* https://www.beverlyshomecare.com/home-health-care-about-us (last accessed September 9, 2024).

13. The same website identifies Nichols as the sole member of Beverly's Home Health Care's Executive Team. *See* https://www.beverlyshomecare.com/home-health-care-our-staff/the-executive-team (last accessed September 9, 2024).

14. On information and belief, as Beverly's Home Health Care's founder and sole executive, Nichols held and exercised power and authority over personnel decisions at Beverly's Home Health Care, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

15. Nichols exercised sufficient control over Beverly's Home Health Care's operations and Plaintiff's and the Health Attendants' employment to be considered their employer under the FLSA and NYLL.

**Defendant Ricardo Francois**

16. Ricardo Francois is a manager of Beverly's Home Health Care and a member of Beverly's Home Health Care's Management Team. *See*

3

https://www.beverlyshomecare.com/home-health-care-our-staff/management-team (last accessed September 9, 2024).

17. Throughout Perez's employment, Francois held and exercised power and authority over personnel decisions at Beverly's Home Health Care, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

18. For example, Francois hired Perez.

19. Francois determined Perez's work assignments.

20. Francois communicated and implemented decisions regarding the payment of Perez's wages.

21. Francois was responsible for communicating and implementing personnel decision at Beverly's Home Health Care.

22. When Perez complained to Francois about Defendants' failure to pay overtime wages, Francois informed her that Defendants would not pay overtime wages because Perez was receiving a regular wage rate of $19 per hour.

23. Francois exercised sufficient control over Beverly's Home Health Care's operations and the terms of Plaintiff's and the Home Health Attendants' employment to be considered their employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Perez's Hours Worked and Pay**

24. Perez worked as a non-live-in home health attendant throughout her employment with Defendants, primarily providing personalized care and support to a minor patient with disabilities.

25. Throughout her employment, Perez's responsibilities included bathing,

4

dressing, and feeding the patient, administering medications, performing housekeeping duties such as cleaning and laundry for the patient, and assisting with the patient's transportation to medical appointments.

26. Perez and the Home Health Attendants spent more than 25% of their working time performing physical tasks providing care to patients.

27. Throughout her employment, Perez regularly worked six-hour shifts (2:30 p.m. to 8:30 p.m.) five days per week (Monday through Friday) and twelve-hour shifts (9:00 a.m. to 9:00 p.m.) two days per week (Saturday and Sunday), totaling approximately fifty-four hours per workweek.

28. Throughout her employment, Defendants paid Perez $19.09 per hour for all hours worked, including for hours worked over forty per workweek (*i.e.*, straight time).

29. Throughout her employment, Defendants unlawfully paid Perez and other Home Health Attendants their wages on a biweekly basis, such that their wages earned in the first workweek were always paid more than seven days after the end of the workweek. As a result of this frequency of wage payments, Defendants deprived Perez and the Home Health Attendants of the time value of their wages.

30. For example, Perez worked fifty-four hours per workweek in the biweekly period from May 3 through May 16, 2022, and, on May 20, 2022, Defendants paid Perez $19.09 per hour straight time for her 108 hours worked in this period.

31. Defendants did not pay Perez and the Home Health Attendants overtime wages at a rate of at least one and one-half (1.5) times their regular wage rates for hours worked over forty per workweek.

32. Defendants did not furnish Perez and the Home Health Attendants with wage notices reflecting, *inter alia*, their overtime wage rates at their time of her hire or when their wage rates changed.

33. Defendants did not furnish Perez and the Home Health Attendants with complaint wage statements reflecting, *inter alia*, their overtime wage rates with each payment of wages.

34. Defendants' failure to furnish Perez and the Home Health Attendants with complaint wage notices and wage statements was an intentional part of Defendants' scheme to deprive Perez and the Home Health Attendants of their overtime wages due by concealing from them their entitlement to overtime wages for hours worked over forty per workweek and thereby delaying and obstructing Perez's and the Home Health Attendants' ability to challenge Defendants' unlawful wage payment practices.

**COLLECTIVE ACTION ALLEGATIONS**

35. Perez brings the claims in this Complaint arising out of the FLSA on behalf of herself and all similarly situated Home Health Attendants employed by Defendants in the three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

36. The FLSA Collective consists of approximately fifty similarly situated Home Health Attendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

37. Perez and the FLSA Collective are and were entitled to but deprived by Defendants of the prompt payment of wages and the payment of overtime wages under the FLSA for hours worked in excess of forty per workweek.

38. Perez and the FLSA Collective are and have been similarly situated, have had substantially similar pay provisions, and are and have been subject to Defendants' common decisions, plans, policies, programs, practices, procedures, protocols, routines,

and rules willfully failing and refusing to pay them promptly at the legally required overtime wage rates for hours worked over forty per workweek. Perez's claims as stated in this Complaint are essentially the same as those of the FLSA Collective.

39. Defendants are aware, or should have been aware, that the FLSA requires them to pay one and one-half times the regular rate per overtime hour worked.

40. Defendants engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

41. Defendants' conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to the FLSA Collective.

42. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

43. Perez brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), on behalf of herself and a class consisting of all similarly situated Home Health Attendants employed by Defendants within the six years, plus applicable tolling periods, prior to the filing of this Complaint (the "Rule 23 Class").

44. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

45. The size of the Rule 23 Class is approximately eighty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

46. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

47. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a. whether Defendants employed the Rule 23 Class within the meaning of the NYLL;

   b. whether Defendants compensated the Rule 23 Class at the appropriate overtime wage rate for all hours worked in excess of forty per workweek as required by the NYLL;

   c. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   d. whether Defendants violated the frequency of pay provisions of the NYLL by failing to timely pay wages to the Rule 23 Class;

   e. whether Defendants failed to provide compliant wage notices to the Rule 23 Class at the time of hire and when their wage rates changed as required by the NYLL; and

   f. whether Defendants failed to provide the Rule 23 Class with compliant wage statements as required by the NYLL.

48. Perez's claims are typical of the claims of the Rule 23 Class she seeks to represent.

49. Perez and the Rule 23 Class work or have worked for Defendants as Home Health Attendants within the liability period.

50. Perez and the Rule 23 Class were entitled under the NYLL to be paid overtime wages but were denied overtime wages by Defendants.

51. Perez and the Rule 23 Class were manual workers entitled to receive wage payments on a weekly basis under the NYLL but were denied timely wage payments by Defendants.

52. All Home Health Attendants typically performed the following physical work duties for more than 25% of their working time each workday: bathing, dressing, and feeding the patient; administering medications; performing housekeeping duties, such as cleaning and laundry for the patient; and physically assisting the patient's transportation to medical appointments.

53. Perez and the Rule 23 Class were entitled under the NYLL to receive wage notices at their time of hire and when their wage rates change and to receive accurate wage statements with their wage payments, but Defendants denied them compliant wage notices and wage statements.

54. Perez and the Rule 23 Class have sustained similar types of damages as a result of Defendants' willful violations of the NYLL.

55. Perez and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

56. Perez will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

57. Perez has retained counsel competent and experienced in wage and hour litigation and class action litigation.

58. There is no conflict between Perez and the Rule 23 Class members.

59. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and

procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual employees lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

60. Class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

61. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

62. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

63. The FLSA requires employers to pay employees overtime wages at a rate not less than one and one-half (1.5) times the employee's regular rate for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207 *et seq*.

64. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed Plaintiff and the FLSA Collective.

65. Plaintiff and the FLSA Collective are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

66. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at a rate not less than one and one-half (1.5) times their regular rate for all hours worked in excess of forty hours per workweek.

67. Defendants were or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

68. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages and are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

### SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

69. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

70. The NYLL and supporting NYDOL regulations require employers to pay employees overtime wages at a rate of one and one-half (1.5) times the employee's regular rate for all hours worked in excess of forty per workweek. 12 N.Y.C.C.R. § 142–2.2.

71. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and 652, and NYDOL regulations, including but not limited to 12 N.Y.C.C.R. § 142.

72. Defendants employed Plaintiff and the Rule 23 Class within the meaning of the NYLL.

73. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL and its supporting NYDOL regulations.

74. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

75. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class have suffered damages and are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

## THIRD CLAIM
### (FLSA – Failure to Make Prompt Wage Payments)

76. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

77. Under the FLSA and its interpretive and implementing regulations, the "general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends." 29 C.F.R. § 778.106. The FLSA forbids employers from delaying wage payments "for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made." *Id.*

78. Throughout Plaintiff's and the FLSA Collective's employment, Defendants failed to promptly pay their wages and delayed their wage payments beyond the amount of time reasonably required for Defendants to compute and pay the wages.

79. Defendants' failure to pay Plaintiff's and the FLSA Collective's wages promptly and within a reasonable time after their wages were due injured Plaintiff and the FLSA Collective by depriving them of the time value of their wages.

80. As a result of Defendants' prompt payment violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants as liquidated damages the amounts of wages that Defendants paid late.

## FOURTH CLAIM
### (NYLL § 191 – Frequency of Payments)

81. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

82. Plaintiff and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a).

83. Defendants were required to pay Plaintiff and the Rule 23 Class weekly and not later than seven calendar days after the end of the week their wages were earned.

84. Defendants failed to pay Plaintiff and the Rule 23 Class on a timely basis, within seven calendar days after the end of the week in which they earned their wages.

85. Plaintiff and the Rule 23 Class have suffered damages as a result of Defendants' violations of NYLL § 191(1)(a) including the loss of the time value of their wages earned.

86. As a result of Defendants' violations of NYLL § 191(1)(a), Plaintiff and the Rule 23 Class are entitled to recover liquidated damages equal to their wages paid more than seven days after the end of the workweek in which they earned those wages

## FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Compliant Wage Notices)

87. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

88. The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hiring and whenever there is a change to an employee's rate of pay. NYLL § 195(1).

89. In violation of NYLL 195(1), Defendants failed to furnish Plaintiff and the Rule 23 Class at their time of hiring or whenever their rates of pay changed with a compliant wage notice containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and any other information required by law.

90. Plaintiff and the Rule 23 Class have been injured by Defendant's violations of NYLL § 195(1) as set forth in this Complaint.

91. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs pursuant to NYLL § 198(1-b).

## SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Compliant Wage Statements)

92. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

93. The NYLL and WTPA require employers to provide employees with a compliant wage statement each time they are paid. NYLL § 195(3).

94. In violation of the NYLL, Defendants failed to furnish Plaintiff and the Rule 23 Class with each payment of wages a compliant wage statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

95. Plaintiff and the Rule 23 Class have been injured by Defendant's violations of NYLL § 195(3) as set forth in this Complaint.

96. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Perez, on behalf of herself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

    a.    certify this case as a class action pursuant to the NYLL and Rule 23 of the Federal Rules of Civil Procedure as it pertains to all NYLL claims set forth in the Complaint for the class of employees described herein, certify Perez as class representative, and designating Perez's attorneys as class counsel;

    b.    designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    c.    declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

    d.    declare that Defendants have violated prompt payment requirements of the FLSA and the frequency of pay provisions of NYLL § 191;

    e.    declare that Defendants have violated the wage notice and wage statement provisions of the WTPA;

    f.    declare that Defendants' violations of the FLSA, NYLL, and WTPA were willful;

    g.    enjoin future violations of the FLSA and NYLL by Defendants;

    h.    award Perez, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

    i.    award Perez, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NYLL;

j. award Perez and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish compliant wage notices and wage statements pursuant to the NYLL and WTPA;

k. award Perez, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the FLSA and the NYLL;

l. award Perez, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m. award such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 9, 2024

PECHMAN LAW GROUP PLLC

By: /s/ Louis Pechman
Louis Pechman
Galen C. Baynes
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiff, the Putative Rule 23 Class, and the Putative FLSA Collective*